## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STACY BUTLER,                          :        Civil No. 3:18-cv-496
                                       :
              Petitioner               :        (Judge Mariani)
                                       :
      v.                               :
                                       :
WARDEN BALTAZAR,                       :
                                       :
              Respondent               :

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241 (Doc. 1), filed by Petitioner Stacy Butler ("Butler"), a federal inmate in the

custody of the Bureau of Prisons.  Butler challenges his conviction and sentence imposed

by the United States District Court for the Northern District of Florida.  (*Id.*).  Specifically,

Butler claims that he is entitled to federal habeas corpus relief because he was improperly

sentenced in light of the Supreme Court's decision in *Mathis v. United States*, —— U.S. ——,

136 S.Ct. 2243, 195 L.Ed.2d 604 (2016).  (*Id.*).  For the reasons set forth below, the Court

will dismiss the petition for lack of jurisdiction.

## I.    Factual & Procedural Background

On February 4, 2003, Butler was charged in a two-court indictment with armed

robbery of a bank, in violation of 18 U.S.C. § 2113(a), (d), and brandishing a firearm during

and in relation to that crime of violence, 18 U.S.C. § 924(c)(1)(A), in the United States

District Court for the Northern District of Florida.  *United States v. Butler*, No. 5:03-cr-5 (N.D.

Fl.), (Doc. 1).  On May 26, 2004, Butler pled guilty pursuant to a written plea agreement to the charges of armed bank robbery and carrying and brandishing a firearm during and in relation to a crime of violence.  (*Id.* at Docs. 46, 47).  On July 20, 2004, the district court sentenced Butler to a term of imprisonment of 387 months.  (*Id.* at Doc. 57).  Butler did not file an appeal.

On August 21, 2008, Butler filed a motion under 28 U.S.C. § 2255, which the district court dismissed as untimely.  (*Id.* at Docs. 78, 80, 84, 85; *see also United States v. Butler*, No. 5:03-cr-5, 2008 WL 4540398 (N.D. Fl. Oct. 8, 2008)).  On November 11, 2015, Butler filed a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4).  *United States v. Butler*, No. 5:03-cr-5 (N.D. Fl.), (Doc. 166).  On December 13, 2016, the district court denied the motion.  (*Id.* at Doc. 198).

On May 23, 2016, Butler filed a second § 2255 motion.  (*Id.* at Doc. 179).  On June 10, 2016, the district court denied the motion, finding that the motion should be made to the court of appeals.  (*Id.* at Doc. 183, 184).  The district court also appointed a federal public defender to determine if Butler could pursue a § 2255 motion based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).[1]  (*Id.* at Doc.

---

[1]   In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague and, therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  The *Johnson* decision announced a new substantive rule of constitutional law that the Supreme Court has made retroactive on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).  In his motion with the Eleventh Circuit, Butler claimed that the similar residual clause in the definition of crime of violence in 18 U.S.C. § 924(c)(3)(B) is likewise invalid.

183).  The federal public defender subsequently withdrew as counsel for Butler.  (*Id.* at

Docs. 188, 190).

Butler then moved in the Eleventh Circuit Court of Appeals for authorization to file a

second or successive motion to vacate in light of *Johnson*.  Butler argued that, with the

invalidation of the residual clause, his conviction for armed robbery did not qualify as a

crime of violence under § 924(c) and his conviction and sentence under § 924(c) should be

vacated.  (Doc. 6-1, *In re Butler*, No.16-16451-J (11th Cir. Nov. 2, 2016)).  The Eleventh

Circuit denied Butler's motion for authorization to file a second or successive motion to

vacate and found that Butler failed to show that he is entitled to relief because, even if

*Johnson* applied and rendered the residual clause of § 924(c)(3)(B) unconstitutionally

vague, Butler's armed robbery conviction under 18 U.S.C. § 2113(a) and (d) qualifies as a

crime of violence.  (*Id.*).

In 2017, Butler again moved in the Eleventh Circuit Court of Appeals for

authorization to file a second or successive motion to vacate, raising four claims, including

another *Johnson* claim.  (Doc. 6-2, *In re Butler*, No. 17-11260-J (11th Cir. April 17, 2017)).

The Eleventh Circuit denied Butler's motion regarding the *Johnson* claim due to its prior

ruling and because binding precedent compelled a finding that Butler's armed bank robbery

crime fell within the scope of 924(c)'s elements clause as a crime of violence.  (*Id.* at pp. 2-

3).

On May 16, 2017, Butler filed another Rule 60(b)(4) motion to set aside the judgment, which the district court denied. *United States v. Butler*, No. 5:03-cr-5 (N.D. Fl.), (Docs. 202, 203, 205, 206).

On March 4, 2020, Butler filed a motion to modify sentence, which the district court denied. (*Id.* at Docs. 217, 220, 224). Butler then moved in the Eleventh Circuit Court of Appeals for authorization to file a second or successive motion to vacate, again arguing that armed bank robbery cannot qualify as a crime of violence. The Eleventh Circuit denied Butler's motion and held that binding precedent compelled a finding that Butler's armed bank robbery under 18 U.S.C. § 2113(a) and (d) qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause. (*Id.* at Doc. 225).

On January 7, 2021, Butler filed a motion for compassionate release, which is presently pending before the sentencing court. (*Id.* at Doc. 234).

Butler filed the instant federal habeas petition pursuant to 28 U.S.C. § 2241 alleging that he is entitled to relief pursuant to *Mathis*.[2] (Doc. 1). Respondent filed a response seeking dismissal of the petition for lack of jurisdiction. (Doc. 6). This matter is fully briefed and ripe for disposition.

---

[2]   In *Mathis*, the United States Supreme Court held that a conviction under the Iowa burglary statute did not qualify as a predicate offense for Armed Career Criminal ("ACCA") sentence enhancement because the elements of the Iowa burglary law are "broader than those of generic burglary" and the ACCA envisions a burglary conviction as limited to the generic elements. *Mathis*, 136 S.Ct. at 2246. Under the ACCA, the elements required to convict for the crime of burglary are: (1) unlawful or privileged entry, (2) into a building or other structure, and (3) with intent to commit a crime therein. *Mathis*, 136 S.Ct. at 2248 (citation omitted). Under the Iowa code, the location element for the burglary crime could be satisfied by a "building, other structure, or vehicle." *Mathis*, 136 S.Ct. at 2256 (citation omitted).

## II.    Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(e).  Section 2255(e) provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."  *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)).  Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective."  *Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).  A § 2255 motion is "inadequate or ineffective," which permits a petitioner to pursue a § 2241 petition, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

Importantly, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." *Id.* at 538. However, as recognized in *Dorsainvil*, a federal prisoner can pursue relief under § 2241 where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal, to avoid a complete miscarriage of justice. *Dorsainvil*, 119 F.3d at 251.

Butler seeks to vacate and correct his sentence in light of *Mathis*, arguing that his armed bank robbery crime under 18 U.S.C. § 2113(a) and (d) does not categorically qualify as a crime of violence under 18 U.S.C. § 924(c). He cannot do so by means of a § 2241 petition. First, *Mathis* has not been declared retroactive by the United States Supreme Court or the Third Circuit Court of Appeals, nor is it a new rule of constitutional law applicable to cases on collateral review. *See United States v. Peppers*, 899 F.3d 211 (3d Cir. 2019) ("The Supreme Court has never held that *Mathis* . . . appl[ies] retroactively to cases on collateral review nor do any combination of Supreme Court precedents dictate the retroactivity of" *Mathis*); *Savage v. Warden Fairton FCI*, 752 F. App'x 140 (3d Cir. 2018) (noting that "*Mathis* 'involved statutory interpretation, not a new rule of constitutional law'") (citation omittec).

Second, Butler's present claims are not based on a contention that the conduct which led to his conviction is no longer criminal because of a change in the law. Rather, he

challenges the validity of the sentence imposed by the United States District Court for the Northern District of Florida based on the Supreme Court decision in *Mathis*. However, the Third Circuit Court of Appeals has not extended the limited *Dorsainvil* exception to include situations where a prisoner is challenging a sentence based on an intervening change in substantive law. *Okereke*, 307 F.3d at 120 (refusing to extend *Dorsainvil* exception to sentencing challenge under *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *Pearson v. Warden Canaan USP*, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws", *citing Okereke*, 307 F.3d 117); *Boatright v. Warden Fairton FCI*, 742 F. App'x 701, 703-04 (3d Cir. 2017) (affirming dismissal of petitioner's § 2241 petition for lack of jurisdiction because he could not resort to § 2241 to raise *Mathis*-based claims); *Parker v. Warden FCI-Schuylkill*, No. 17-0765, (M.D. Pa. Jun. 6, 2017) (dismissing § 2241 habeas petition on screening because *Mathis*-based sentencing enhancement claim is not properly asserted under § 2241). Thus, Butler fails to demonstrate that his claims fall within the *Dorsainvil* exception.

Lastly, Butler is seeking to raise the same claims he presented in his 28 U.S.C. § 2255(h) motions before the Eleventh Circuit Court of Appeals. The Eleventh Circuit Court of Appeals carefully evaluated Butler's claims and denied his motions. The Eleventh Circuit specifically found that, in accordance with binding precedent, *see In re Hines*, 824 F.3d 1334 (11th Cir. 2016), Butler's armed robbery conviction under 18 U.S.C. § 2113(a) clearly qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A). (*See* Doc. 6-1, *In re Butler*,

No.16-16451-J (11th Cir. Nov. 2, 2016); Doc. 6-2, *In re Butler*, No. 17-11260-J (11th Cir. April 17, 2017); *United States v. Butler*, No. 5:03-cr-5 (N.D. Fl.), (Doc. 225, *In re Butler*, No. 20-12099-H (11th Cir. June 17, 2020)).  The fact that Butler was unsuccessful in obtaining permission to file a second or successive § 2255 motion does not, without more, demonstrate the inadequacy or ineffectiveness of § 2255 to challenge the legality of his detention.  *See Littles v. Warden Schuylkill FCI*, 797 F. App'x 727, 729 (3d Cir. 2020) (district court lacked jurisdiction to consider petitioner's *Johnson* claim after his authorized successive § 2255 motion raising same claim was dismissed as untimely).  Butler's present claims fall within the purview of 28 U.S.C. § 2255.  Consequently, the instant § 2241 petition for writ of habeas corpus will be dismissed for lack of jurisdiction.

III.    **Conclusion**

The Court will dismiss Butler's petition (Doc. 1) for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: January  14 , 2021